UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ROBERT NICOLETTE,<br><br>    Plaintiff,<br><br>v.<br><br>TESLA ENERGY OPERATIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; and DOES 1-10, Inclusive,<br><br>    Defendants. | Case No. 3:21-cv-02186-VC<br><br>**DECLARATION OF ERIC F. BARTON** |

1.

My name is Eric F. Barton. I am an attorney duly licensed and admitted to practice in the state of Georgia and in the United States District Court for the Northern District of Georgia. I am over the age of eighteen and am fully competent to make this declaration. I make this declaration based on my own personal knowledge.

2.

I am an attorney with the law firm Seyfarth Shaw LLP, national counsel for Defendant Equifax Information Services LLC ("Equifax") in the above-captioned action.

---

DECLARATION OF ERIC F. BARTON

3.

Plaintiff's counsel, Robert F. Brennan, represents several consumers who have filed lawsuits against Equifax and Tesla Energy Operations, Inc. ("Tesla"), alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

4.

Mr. Brennan and I have settled approximately six of these cases in the past few months.

5.

Two of these cases are styled *Chaine v. Tesla, et al.* and *Lubinsky v. Tesla, et al.*

6.

On May 24, 2021, Mr. Brennan e-mailed me a letter containing Plaintiff's summary of the facts of the case and a written settlement demand.

7.

On May 26, 2021, I e-mailed Mr. Brennan, stating "this matter seems identical to matters that we previously settled for [a confidential sum]. Can we go ahead and wrap it up for that amount?" (*See* Email Correspondence between Eric Barton and Robert Brennan, a true and correct copy of which is attached hereto as Exhibit A.)

8.

That same day, Mr. Brennan responded to me, stating that Equifax should increase its offer by the amount of the filing fee. (Exh. A.)

9.

In response, on May 26, 2021, I sent Mr. Brennan an e-mail stating the following:

Mr. Brennan-

The Nicollette case case [sic] is nearly identical to Lubinsky and Chaine, both of which involved multiple disputes and settled for [a confidential sum]. Equifax also never paid for a "filing fee" for any of those settlements. Therefore, consistent with numerous prior settlements, please let me know if we can wrap this one up for [a confidential sum]. . . .

2

DECLARATION OF ERIC F. BARTON

Thank you.

(Exh. A.)

10.

The following day, on May 27, 2021, Mr. Brennan e-mailed me requesting two additional terms "as part of any settlement": deletion of the disputed tradeline and "EFX basic document production." (Exh. A.)

11.

Based on prior settlement negotiations with Mr. Brennan, I understood the "basic document production" to be an informal document production consisting of the relevant dispute documents related to the allegations in Plaintiff's Complaint.

12.

I responded to Mr. Brennan that same day, confirming that Equifax accepted Plaintiff's additional terms. (Exh. A.)

13.

Less than two hours later, Mr. Brennan e-mailed me with Plaintiff's acceptance of Equifax's offer, stating: "Mr. Nicolette accepts EFX's offer." (Exh. A.)

14.

I immediately responded with a message stating: "Great -- we'll get you a draft settlement agreement for Mr. Nicollette (consistent with our prior settlements)." (Exh. A.)

15.

In accordance with the terms of the settlement, on June 17, 2021, my colleague, Lindsay Fleming of Seyfarth Shaw LLP, emailed Mr. Brennan Equifax's informal document production. (*See* Email Correspondence between Lindsay Fleming and Robert Brennan, a true and correct copy of which is attached hereto as Exhibit B.)

16.

In the same June 17, 2021 e-mail, Ms. Fleming also requested that Mr. Brennan file a Notice of Settlement with the Court. (Exh. B.)

DECLARATION OF ERIC F. BARTON

17.

On June 17, 2021, Mr. Brennan's paralegal emailed me and Ms. Fleming asking a clarifying question about Equifax's document production—namely, why an Automated Consumer Dispute Verification ("ACDV") form was not included in the production. (Exh. B.)

18.

On June 21, 2021, Ms. Fleming informed Mr. Brennan's paralegal that she was following up with her client and would respond once she confirmed what happened. (Exh. B.)

19.

On June 30, 2021, Ms. Fleming emailed Mr. Brennan explaining that Equifax did not send an ACDV form to Tesla given the nature of Plaintiff's dispute and the language of his dispute letter to Equifax. (Exh. B.)

20.

In the same June 30, 2021 e-mail, Ms. Fleming attached a draft of the formal Settlement Agreement, memorializing the previously agreed upon terms. (Exh. B.)

21.

On July 1, 2021, Mr. Brennan informed me and Ms. Fleming that Plaintiff would not execute or honor the previously agreed upon Settlement Agreement because he learned after-the-fact that Equifax did not send an ACDV form to Tesla. (*See* Email Correspondence from Robert Brennan, a true and correct copy of which is attached hereto as Exhibit C.)

22.

In his July 1, 2021 email, Mr. Brennan further stated: "For the future, I will need to see the EFX documents before agreeing to any settlement on any Tesla case and on any case at all. Seeing the EFX basic document production first will permit me to correctly counsel my clients about the circumstances of each case." (Exh. C.)

DECLARATION OF ERIC F. BARTON

23.

I never told Mr. Brennan that Equifax sent an ACDV form to Tesla in Equifax's reinvestigation of Plaintiff's dispute. In fact, an ACDV was never even discussed during settlement negotiations.

24.

On July 9, 2021, Plaintiff filed an Ex Parte Application to Rescind the Notice of Settlement with Equifax and Return This Case to Active Status as to Equifax. (Doc. 19.) Although both Equifax and its counsel have procedures in place to ensure timely response to all incoming pleadings, Equifax understood it had 14 days, or until July 23, 2021, to respond to Plaintiff's Application pursuant to Local Rule 7-3.

25.

On July 20, 2021, the Court entered an Order granting Plaintiff's "unopposed motion to rescind the notice of settlement." (Doc. 23.) Local counsel for Equifax, Thomas Quinn of Nokes & Quinn, APC, immediately contacted the Court's Courtroom Deputy, Kristen Melen, stating that Equifax opposes Plaintiff's Application and requests an opportunity to object to Plaintiff's Application.

26.

In response, the Courtroom Deputy informed Equifax that Plaintiff's Application was considered a motion for administrative relief subject to a four-day deadline to respond, pursuant to Local Rule 7-11.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 22nd day of July, 2021.

_____
Eric F. Barton