UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ROBERT NICOLETTE,<br><br>    Plaintiff,<br><br>    v.<br><br>TESLA ENERGY OPERATIONS, INC., et al.,<br><br>    Defendants. | Case No.  21-cv-02186-VC<br><br>**ORDER GRANTING MOTION TO SET ASIDE ORDER ON EX PARTE APPLICATION AND DISMISSING CASE WITH PREJUDICE**<br><br>Re: Dkt. No. 26 |

Although the posture of this motion is somewhat unusual, the crux of the dispute is simple: Is there a binding settlement agreement between Nicolette and Equifax? Because the answer is yes, the case is dismissed with prejudice.

1. Nicolette and Equifax entered into an enforceable settlement agreement when Nicolette "agreed to the settlement" over email. Dkt. No. 29 at 3. That the parties expected the settlement agreement to eventually be formalized in a written contract does not negate the agreement the parties reached during their negotiations. *See Harris v. Rudin, Richman & Appel*, 74 Cal. App. 4th 299, 307 (1999); *see also* 1 Witkin, Summary of California Law: Contracts § 133 (11th ed. 2017).

2. Nicolette contends there is no contract because the agreement was subject to a condition precedent—that Equifax produce certain documents. But even if document production was a condition precedent to settlement, Equifax satisfied the condition by providing Nicolette with the relevant documents.

3. Nicolette cannot rescind the contract due to a mutual mistake of fact, because there was no mutual mistake. A mutual mistake of fact that "affects an essential element of the

contract and is harmful to one of the parties is subject to recission by the party harmed." *Guthrie v. Times-Mirror Co.*, 51 Cal. App. 3d 879, 884 (1975); *see* Cal. Civ. Code § 1689. According to Nicolette, at the time the parties entered into the settlement agreement, both were under the mistaken impression that Equifax had issued an ACDV to Tesla. But Nicolette hasn't shown by a preponderance of the evidence that Equifax thought an ACDV had been issued. And the more general belief on the part of both parties that this case is "nearly identical" to prior settlements is not the type of factual misunderstanding that can qualify as a mutual mistake. *See* Cal. Civ. Code § 1577. Finding mutual mistake based on such a subjective characterization would permit parties to rescind a contract whenever they get cold feet—for example, by arguing that the parties were under the mistaken impression that the settlement was "fair" or a "good deal" or "similar" to a prior case.

      4. Nicolette does not argue that the contract should be rescinded due to a unilateral mistake of fact, so he has forfeited that argument. But even if he had made it, he would not prevail. To rescind a contract based on a unilateral mistake, a party must show that: "(1) the [party] made a mistake regarding a basic assumption upon which the [party] made the contract; (2) the mistake has a material effect upon the agreed exchange of performances that is adverse to the [party]; (3) the [party] does not bear the risk of the mistake; and (4) the effect of the mistake is such that enforcement of the contract would be unconscionable." *Donovan v. RRL Corp.*, 26 Cal. 4th 261, 282 (2001). Nicolette has not satisfied the third and fourth parts of this test. Nicolette bears the risk of his mistake because the failure to investigate a case's key facts before settling is neglect that goes beyond ordinary negligence. *See id.* at 285. And Nicolette has not shown that enforcing this settlement agreement would be unconscionable.

      **IT IS SO ORDERED.**

Dated: September 1, 2021

                                          VINCE CHHABRIA
                                          United States District Judge